UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

KERMIT HOWARD PENLEY, )
    by and through his next friend and )
    mother, Beatrice Penley )
     )
v. ) NO. 2:05-CV-278
     )
STATE OF TENNESSEE )

## **MEMORANDUM and ORDER**

Beatrice Penley brings this "Next Friend Petition" pursuant to 28 U.S.C. § 2254, on behalf of her son, Kermit Howard Penley, who is a state prisoner. The petition challenges the constitutionality of Mr. Penley's incarceration, pursuant to a 2002 state court conviction for first degree murder and subsequent life sentence.

The Clerk is **DIRECTED** to serve a copy of the petition and this Order on the respondent and the Attorney General for the State of Tennessee. Rule 4, Rules Governing Section 2254 Cases. However, for the reasons which appear below, the respondent is not ordered to answer and the petition will be dismissed.

As a threshold requirement in this petition, as in any other, a litigant must show that he has standing to invoke the jurisdiction of this Court. *Demosthenes v. Baal*, 495 U.S. 731, 737 (1990) (stating that courts must ensure adequate basis under

habeas statutes for exercise of federal power). For Ms. Penley to have standing to pursue this habeas corpus petition as a next friend, she must show that her son cannot litigate his own cause due to "inaccessibility, mental incompetence, or other disability" and that she is "truly dedicated to the best interests" of her son. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998) (citation and internal quotation marks omitted).

Even if the Court makes the natural assumption that Ms. Penley is acting in her son's best interest, there is absolutely no evidence in the petition that he is incompetent or otherwise incapable of pursuing his own action. Thus, she has failed to bear her burden of showing that Mr. Penley is unable to direct these proceedings on his own behalf. Therefore, the Court lacks jurisdiction over this next-friend petition and will dismiss it, by separate order, for this reason.

ENTER:

      s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE